**In re Lawrence Alexander HAMILTON and Yvonne Marie Hamilton, Debtors.**

**Gerald A. RIMMEL, Trustee, Plaintiff,**

**v.**

**Yvonne Marie HAMILTON and United States of America, Office of Personnel Management, Defendants.**

Bankruptcy No. 91–42564–172.
Adv. No. 91–4276–172.

United States Bankruptcy Court,
E.D. Missouri, E.D.

April 22, 1992.

---

Gerald A. Rimmel, Clayton, Mo., trustee.

Eileen J. Markey, Clayton, Mo., for trustee, plaintiff.

Randall Cahill, Asst. U.S. Atty., St. Louis, Mo.

Robert Reinhold, St. Louis, Mo., for debtors.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matters before the Court are Trustee's complaint for turnover of funds held by the United States Office of Personnel Management on behalf of Debtor in the Civil Service Retirement Fund; and Co–Defendant/Debtor's motion for summary judgment, which is supported by Co–Defendant/United States of America. The facts appearing from the record are summarized below.

The Debtors, Lawrence and Yvonne Hamilton, filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on April 18, 1991. Ms. Hamilton was, prior to the filing of the bankruptcy petition, and is still currently employed by the federal government. As an employee of the federal government, Ms. Hamilton is a member of the Civil Service Retirement System (CSRS). Under this pension program the employee may make contributions to her account while employed. She becomes eligible to receive benefits from the account at retirement. Upon termination of employment the employee may elect to receive a refund of her contributions to the account.

The issues presented in this adversary proceeding are whether Debtor's interest in this pension fund is property of the estate under Section 541(a) of Title 11, and if it is property of the estate whether Debtor is entitled to an exemption under Section 522.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* F.R.C.P. 56, as made applicable by Bankruptcy Rule 7056.

Commencement of a case under the Bankruptcy Code creates an estate. Section 541(a)(1) states that the estate consists of "except as provided in subsections (b) and (c)(2) of this section, all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, Section 541(c)(2) states that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). Under *In re Graham*, 726 F.2d 1268 (8th Cir.1984), this provision of the Bankruptcy Code has been interpreted to mean that a pension plan is excluded from the bankruptcy estate only if it qualifies as a traditional spendthrift trust under state law. *Id.* at 1271.

In Missouri, where the employee has any degree of control over the funds in her retirement account, such as the right to elect to receive a refund of contributions upon termination of employment, the plan does not qualify as a traditional spendthrift trust. *In re Mead*, 110 B.R. 434, 440 (Bankr.W.D.Mo.1990). The Debtor in the

case being considered here holds the option to elect a cash distribution of these monies upon termination of employment with the federal government. Therefore, as a matter of law, this retirement plan comes into the bankruptcy estate and is not excluded by 11 U.S.C. § 541(c)(2) since it is not a spendthrift trust.

■ Even though these pension funds are part of the bankruptcy estate, the funds may still be exempt from the estate under Section 522. Under Section 522(b)(1) debtors may choose either federal exemption under Section 522(d) or exemptions under state law, unless the debtor's state has elected not to allow debtors to use federal exemptions. Missouri is an "opt-out" state which has elected to deny Missouri debtors the option to use the federal exemptions of Section 522(d). *See* Mo.Rev. Stat. § 513.427. Although Missouri debtors cannot use the federal exemptions of Section 522(d), they may still exempt under Section 522(b)(2)(A)

> any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place. 11 U.S.C. § 522(b)(2)(A).

The CSRS is created by federal statute. The anti-alienation clause that protects this pension system from attachment or garnishment is a statute and not merely a clause in a private pension plan. The relevant portion of the anti-alienation clause provides that payments made under the system are

> not assignable, either in law or in equity, ... or subject to execution levy, attachment, garnishment or other legal process, except as otherwise may be provided by Federal laws. 5 U.S.C. Section 8346(a).

The effect of this provision provides a "Federal law" exemption under Section 522(b)(2)(A) which will exempt CSRS funds

from the bankruptcy estate. *In re Enfield*, 133 B.R. 515, 521–522 (Bankr. W.D.Mo.1991).

Further proof of the federal law exemption is found by looking at legislative history of Section 522(b)(2)(A).

> [I]t is clear from the legislative history of Section 522(b)(2)(A) that Civil Service Retirement benefits were intended to be exempt under that section because in both House and Senate reports Civil Service Retirement benefits were listed among other federal benefit programs which were intended to be included as exempt under other federal laws.

*In re Enfield*, 133 B.R. 515, 522 (Bankr. W.D.Mo.1991) (citing S.Rep. No. 989, 95th Cong.2d Sess. (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963).

Thus, this Court finds that Ms. Hamilton's interest in the Civil Service Retirement Fund is exempt from the bankruptcy estate under Section 522(b)(2)(A). Furthermore, the pleadings and other documents in this file have shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Therefore,

IT IS ORDERED that Debtor/Defendant's motion for summary judgment is GRANTED; and that Debtor/Defendant's interest in the Civil Service Retirement System, although property of the bankruptcy estate under Section 541(a), is exempt from the estate under Section 522(b)(2)(A); and that judgment is entered on this motion in favor of the Defendant and against the Plaintiff; and that the Trustee's Complaint for Turnover of this property is DENIED.